# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
# IN AND FOR NEW CASTLE COUNTY

JEFFREY FURMAN, )
)
    Plaintiff, )
)
    v. )
) C.A. No. N10C-10-164 CLS
DELAWARE )
DEPARTMENT OF )
TRANSPORTATION, )
)
    Defendant, )
)
    v. )
)
SCOTTSDALE )
INDEMNITY COMPANY, )
)
    Third-Party )
    Defendant.

Date Submitted: January 2, 2015
Date Decided: March 23, 2015

On Defendant's Motion for Summary Judgment. **GRANTED.**

# ORDER

Frederick H. Schranck, Esq., Delaware Attorney General, Delaware Department of Justice, Dover, Delaware 19903. Attorney for Defendant Delaware Department of Transportation.

Anthony A. Figliola, Jr. Esq., Figliola & Figliola, Wilmington, Delaware 19810. Attorney for Plaintiff.

Bruce C. Herron, Esq., Losco & Marconi, P.A., Wilmington, Delaware. Attorney for Third-Party Defendant Scottsdale Indemnity Company.

**Scott, J.**

## Introduction

Before the Court is Defendant Delaware Department of Transportation's ("Defendant" or "DelDOT") Motion for Summary Judgment on Plaintiff Jeffrey Furman's ("Plaintiff") Amended Complaint. The Court has reviewed the parties' submissions. For the following reasons, Defendant's Motion for Summary Judgment is **GRANTED.**

## Background

Plaintiff alleges that Defendant was grossly negligent in failing to maintain Pennsylvania Avenue at Pasture Street, and that Defendant violated 11 *Del. C.* § 4001.

On October 24, 2008, Plaintiff stepped into an uncovered maintenance box while crossing Pennsylvania Avenue at Pasture Street in Wilmington, Delaware. Plaintiff alleges there were no warning signs. As a result, Plaintiff claims to have suffered permanent injuries, including a tear of his left Achilles tendon, bilateral ankle strain, right rotator cuff syndrome, right wrist sprain, right should strain and instability.

On December 20, 2010, DelDOT filed a motion to dismiss asserting the defense of sovereign immunity and attaching the affidavit of Debra Lawhead ("Ms. Lawhead"), Insurance Coverage Officer for the State of Delaware, to show that neither the State nor DelDOT had waived immunity because neither purchased

2

insurance coverage applicable to Plaintiff's injuries.[1]  The Court granted the motion based on statements contained in Ms. Lawhead's affidavit.[2]  On October 19, 2011, the Supreme Court reversed the decision, holding that, in order for this Court to rely on the affidavit, it was required to formally convert the motion into a summary judgment motion and provide notice to the parties.[3]  The Supreme Court found that the trial court erred by ruling prematurely without giving Plaintiff an opportunity to discover whether an insurance policy existed.[4]  Therefore, the Supreme Court ultimately remanded the case to allow the trial court to reconsider the motion and provide a reasonable opportunity for the parties to present factual material.[5]

On remand, this Court allowed DelDOT to add Scottsdale Indemnity Company's ("Scottsdale") as a party to this lawsuit.[6]  On November 22, 2013, Plaintiff asserted a third-party claim against Scottsdale alleging that Scottsdale was liable for DelDOT's damages because it provided insurance coverage to DelDOT.[7]  On March 26, 2014, DelDOT filed its Third-Party Complaint against Scottsdale.[8]

On April 2, 2014, Scottsdale moved to dismiss DelDOT's Third-Party Complaint under Del. Super. Ct. Civ. R. 12(b)(6) on the ground that the

---

[1] D.I. 3.
[2] Order dated Mar. 29, 2011.
[3] *Furman v. Delaware Dep't of Transp.*, 30 A.3d 771, 774 (Del. 2011).
[4] *Id.* at 774.
[5] *Id.* at 775.
[6] DelDOT Mot. to Add a Party, D.I. 23; Order dated Aug. 19, 2013.
[7] Amended Compl. at ¶¶ 19-20.
[8] D.I. 45.

3

unambiguous terms of the its policy (the "Scottsdale Policy") do not provide DelDOT coverage for Plaintiff's injuries. On July 9, 2014, this Court granted Scottsdale's Motion to Dismiss Third-Party Complaint, finding that the Scottsdale Policy was unambiguous and did not provide coverage to DelDOT for the type of injury claimed by Plaintiff in this action.[9]

Defendant filed a renewed Motion to Dismiss on August 1, 2014, based on the Court's July 9 ruling. The Court sent a letter on October 28, 2014, informing the parties that Defendant's renewed motion to dismiss must be converted to a motion for summary judgment as Defendant asked the Court to consider evidence outside the scope of the pleadings.

On December 14, 2014, Defendant filed this Motion for Summary Judgment of Plaintiff's Amended Complaint.

### Standard of Review

The Court may grant summary judgment if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to summary judgment as a matter of law."[10] The moving party bears the initial burden of showing that no material issues of fact are present.[11] Once such a showing is made, the burden shifts to the non-moving party to

---

[9] Order dated July 9, 2014.
[10] Super. Ct. Civ. R. 56(c); *Burkhart v. Davies*, 602 A.2d 56, 59 (Del. 1991).
[11] *Moore v. Sizemore*, 405 A.2d 679, 680 (Del. 1979).

4

demonstrate that there are material issues of fact in dispute.[12]  In considering a

motion for summary judgment, the Court must view the record in a light most

favorable to the non-moving party.[13]  "Summary judgment will not be granted

when a more thorough inquiry into the facts is desirable to clarify the application

of the law to the circumstances."[14]

## Discussion

Defendant did not waive sovereign immunity in this case.  The Eleventh

Amendment prohibits suits against the individual state in federal courts.[15]  In

Delaware, "[s]uits may be brought against the State, according to such regulations

as shall be made by law."[16]  In other words, unless explicitly waived by the

General Assembly, sovereign immunity is an absolute bar to liability claims

against the State.[17]  The General Assembly must express clear intent to waive

sovereign immunity.[18]  However, the defense of sovereign immunity is waived

when the risk of loss is covered by the state insurance program.[19]  The purpose of

the Insurance for the Protection of the State Act[20] is "to protect the public from

---

[12] *Id.* at 681.
[13] *Burkhart*, 602 A.2d at 59.
[14] *Phillip-Postle v. BJ Prods., Inc.*, 2006 WL 1720073, at *1 (Del. Super. Apr. 26, 2006).
[15] U.S. Const. amend. XI.
[16] Del. Const. Art. I, § 9.
[17] *Turnbull v. Fink*, 668 A.2d 1370, 1374 (Del. 1995) (*citing Wilmington Housing Authority v. Williamson*, 228 A.2d, 782, 786 (Del. 1697).
[18] *Pauley v. Reinoehl*, 848 A.2d 569, 573 (Del. 2004) (citations omitted).
[19] 18 *Del. C.* § 6511.
[20] 18 *Del. C.* § 6501 *et. seq.*

wrongful acts committed by governmental officials by waiving the State's sovereign immunity up to a legislatively imposed ceiling."[21]

In order for Plaintiff to prevail in a suit against the State brought under the State Torts Claims Act,[22] he must show that: "(1) the State has waived the defense of sovereign immunity for the actions mentioned in the complaint; and (2) the State Torts Claims Act does not bar the action."[23] The State Torts Claims Act bars the action when:

> (1) The act or omission complained or arose out of and in connection with the performance of an official duty requiring a determination of policy, the interpretation or enforcement of statutes, rules or regulations, the granting or withholding of publicly created or regulated entitlement or privilege or any other official duty involving the exercise of discretion on the public officer, employee or member shall have supervisory authority;
> (2) The act or omission complained of was done in good faith and in the belief that the public interest would best be served thereby; and
> (3) The act or omission complained of was done without gross or wanton negligence[.][24]

However, when the General Assembly enacted 10 *Del. C.* § 4001, it did not intend "to waive sovereign immunity in all cases where a ministerial act was performed with gross or wanton negligence or in bad faith."[25] On interlocutory appeal, the Delaware Supreme Court held "10 *Del. C.* § 4001, part of the State Tort Claims Act, does not constitute a waiver of sovereign immunity where the State

---

[21] *Pauley*, 848 A.2d at 573 (citation omitted).
[22] 10 *Del. C.* § 4001-4005.
[23] *Pauley*, 848 A.2d at 573.
[24] 10 *Del. C.* § 4001.
[25] *Doe v. Cates*, 499 A.2d 1175, 1180 (Del. 1985).

has not provided insurance coverage, even where a party alleges gross negligence."[26]  Therefore, if there is no insurance available to cover the type of loss or risk alleged in the complaint, then sovereign immunity is a bar to recovery.

In this case, Plaintiff is unable to prove a set of facts that could entitle him to relief because Defendant does not have insurance to cover the type or risk or loss alleged in Plaintiff's Amended Complaint.  As Ms. Lawhead[27] indicated in her affidavit, she is responsible for administering the Insurance Determination Committee policies for the State and has personal knowledge of those policies. She also stated that neither the State nor DelDOT has purchased insurance for the type of circumstances listed in Plaintiff's Amended Complaint.  Moreover, upon the addition of Scottsdale as a party to the case and discovery to determine whether its insurance policy for DelDOT was applicable to this case, the Court determined that the Scottsdale Policy unambiguously did not provide coverage to DelDOT for the type of risk or loss alleged in Plaintiff's Amended Complaint.[28]  Accordingly, Plaintiff's allegation in his complaint that Defendant acted with gross negligence is not sufficient to overcome the bar to recovery under sovereign immunity because there is no insurance available to cover that type of risk or loss.

---

[26] *State of Delaware Dep't of Health & Soc. Services v. Sheppard*, 864 A.2d 929 (Del. 2004).
[27] The Insurance Coverage Administrator for the State of Delaware.
[28] *See* Order dated July 9, 2014.

7

## Conclusion

For the foregoing reasons, Defendant's Motion for Summary Judgment is

**GRANTED.**

**IT IS SO ORDERED.**

/s/Calvin L. Scott
**Judge Calvin L. Scott, Jr.**

8